STATE OF LOUISIANA
v.
FRANCIS D WINCHESTER, IV.
No. 2008 KA 0844.
Court of Appeal of Louisiana, First Circuit.
October 31, 2008.
NOT DESIGNATED FOR PUBLICATION
J. PHIL HANEY, District Attorney, WALTER J. SENETTE, Jr., Assistant District Attorney, Counsel for Appellee, State of Louisiana.
Christopher A Aberle, Counsel for Appellant, Francis D. Winchester, IV.
Before KUHN GUIDRY and GAIDRY, J.J.
KUHN, Judge.
On July 29, 2002, defendant, Francis Dancy Winchester, IV, pleaded guilty to two counts of attempted armed robbery, one count of aggravated burglary, and one count of possession of a firearm by a convicted felon. Defendant was sentenced to thirty years at hard labor without benefit of parole, probation, or suspension of sentence on the attempted armed robbery counts, thirty years at hard labor on the aggravated burglary count, and fifteen years at hard labor without benefit of parole, probation, or suspension of sentence on the possession of a firearm by a convicted felon count. The sentences were ordered to be served concurrently with each other but consecutively to the sentence defendant was serving for the probation violation.[1] See State v. Winchester, XXXX-XXXX, p. 2 (La. App. 1st Cir. 9/20/06), 937 So.2d 936 (unpublished opinion), writ denied, 2006-2569 (La. 5/11/07), 955 So.2d 1278.
Defendant appealed and asserted that the trial court erred in ordering his sentences for the instant offenses to run consecutively to the sentence he was serving, when the plea agreement provided that the sentences would be served concurrently. This court agreed with defendant, finding that the trial court failed to comply with the plea agreement. We affirmed the convictions, but vacated the sentences and remanded with the instructions that defendant be given the option of demanding specific performance of the plea agreement or the opportunity to request withdrawal of his guilty plea. See State v. Winchester, XXXX-XXXX, pp. 5, 11 (La. App. 1st Cir. 12/30/04), 890 So.2d 37 (unpublished opinion).
At a hearing on June 3, 2005, defendant demanded specific performance, and the trial court re-imposed the thirty-year sentences for the aggravated burglary and attempted armed robbery convictions, and the fifteen-year sentence for the possession of a firearm by a convicted felon conviction. The sentences were ordered to be served concurrently with each other and concurrently with the sentence defendant was serving for the probation violation. See Winchester, XXXX-XXXX at pp. 3-4, 937 So.2d 936. Defendant appealed, arguing that defense counsel refused to represent him in his request to withdraw his guilty plea, and ineffective assistance of counsel. This court rejected both arguments and affirmed all convictions and sentences, except for the possession of a firearm by a convicted felon sentence, which was vacated and remanded for resentencing because of the trial court's failure to impose the mandatory fine. See Winchester, XXXX-XXXX at pp. 5-9, 937 So.2d 936.
On November 13, 2007, the trial court imposed a $5,000 fine for the possession of a firearm by a convicted felon conviction. This appeal follows.

FACTS
On June 14, 2001, Mr. Adam Guillot, a college student, returned to his parents' residence in Berwick. While getting out of his vehicle he was approached by the defendant, who was armed with a rifle. Defendant demanded money from Mr. Guillot. Mr. Guillot had no money. Defendant then forced Mr. Guillot into his parents' residence, at which time his mother, Ms. Tessie Guillot, appeared. Defendant threatened her with the rifle and demanded money, and she and her son both said that they had money in another location in the house. He then forced them to that location in the house where Mr. Garrett Guillot, the father and husband of the victims, tackled him from behind. The rifle discharged several times. Defendant was held at that location until Berwick police arrived. Defendant was questioned by Berwick police and he confessed fully. He also brought them through a re-enactment of that crime and also of an attempted aggravated burglary just down the street where he had removed a screen on another residence, but was unable to actually enter the residence. He had come to the scene on a bicycle and he showed them where he had hidden the bicycle. See Winchester, XXXX-XXXX at p. 4, 937 So.2d 936.

ISSUE PRESENTED
Defense counsel has filed a motion to withdraw from the case. In accordance with the procedures outlined in Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); State v. Jyles, 96-2669 (La. 12/12/97), 704 So.2d 241 (per curiam); and State v. Benjamin, 573 So.2d 528 (La. App. 4th Cir. 1990),[2] defense counsel has filed a supporting brief to the motion to withdraw contending that, after a conscientious and thorough review of the record, he has found no non-frivolous issues for appeal.
Pursuant to La. R.S. 14:95.1(B), defendant was subject to a fine of not less than one thousand dollars nor more than five thousand dollars. In his appellate brief, defense counsel notes that, given defendant is a fifth-felony offender who was permitted to plead guilty without being billed a habitual offender, he created a risk of death to his victims, and that his thirty-year sentence was "nowhere near the maximum sentence that the court could have imposed even without a multiple-offender enhancement," the $5,000 fine cannot be deemed excessive.
A copy of defense counsel's brief and motion to withdraw were sent to defendant. Defendant has not filed a pro se brief with this court.
This court has performed an independent, thorough review of the pleadings, minute entries, bill of information, and transcripts in the appeal record. The fine imposed is legal in all respects. See State v. Benjamin, 573 So.2d at 531. Furthermore, we have found no reversible errors under La. C.Cr.P. art. 920(2). Our independent review reveals no non-frivolous issues which would support this appeal. Accordingly, defendant's possession of a firearm by a convicted felon sentence is affirmed. Defense counsel's motion to withdraw is hereby granted.
POSSESSION OF A FIREARM BY A CONVICTED FELON SENTENCE AFFIRMED. MOTION TO WITHDRAW GRANTED.
NOTES
[1] Defendant was on probation for a previous simple burglary conviction (16th JDC, St. Mary Parish, docket number XX-XXXXXX) when he committed the instant offenses. We note that following sentencing on December 5, 2002, defendant had his probation for the simple burglary conviction revoked at a felony revocation hearing on April 11, 2003. The trial court at this hearing also ordered the remaining portion of his simple burglary sentence (eight years) to run concurrently with the thirty-year total sentence he was then serving by virtue of the plea agreement. Thus, arguably, defendant's application for postconviction relief, filed November 14, 2003, which failed to mention that he was sentenced properly and in accordance with his plea agreement at the revocation hearing, should have been rendered moot. See La. C.Cr.P. art. 901(C)(2).
[2] In State v. Mouton, 95-0981, pp. 1-2 (La. 4/28/95), 653 So.2d 1176, 1177 (per curiam), the Louisiana Supreme Court sanctioned the procedures outlined in State v. Benjamin, 573 So.2d 528 (La. App. 4th Cir. 1990), for use by the appellate courts of Louisiana. See State v. Jyles, 96-2669 at p. 1, 704 So.2d at 241.